COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOSE M. DE LA ROSA, JR., | § | No. 08-10-00044-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 6 |
| | § | |
| AJAN TIGER PROPERTIES, L.T.D., | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2009-1098) |
| | § | |

# **M E M O R A N D U M   O P I N I O N**

Pending before the Court is an agreed motion to affirm the trial court's judgment pursuant to TEX.R.APP.P. 43.2(a). According to the motion the parties have reached an agreement to settle and compromise the underlying dispute, and request that this Court enter judgment affirming the trial court's judgment. The motion states:

> The parties have settled and compromised their disputes [in this] appeal, but as part of the settlement, the trial court judgment is to be affirmed in whole and remain in effect. Once the terms and payments of the settlement are satisfied, the parties will release the judgment as to the party who has satisfied and completed the settlement.

Texas Rule of Appellate Procedure 43.2 provides the types of judgments this Court has authority to enter:

(a)     affirm the trial court's judgment in whole or in part;

(b)     modify the trial court's judgment and affirm it as modified;

(c)     reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered;

(d)     reverse the trial court's judgment and remand the case for further proceedings;

(e)     vacate the trial court's judgment and dismiss the case; or

(f)     dismiss the appeal.

TEX.R.APP.P. 43.2.

In this instance, the parties have requested that we exercise our Rule 43.2(a) authority pursuant to a settlement agreement. Having considered the motion, and as it otherwise complied with the voluntary dismissal requirements of Rule 42.1(a)(2), we conclude the motion should be GRANTED. Therefore, without taking any additional action with regard to the merits of the appeal, the trial court's judgment will be affirmed in accordance with the parties settlement agreement. *See* TEX.R.APP.P. 42.1(2)(A); 43.2(a). As the motion does not indicate the parties have agreed otherwise, costs of appeal will be paid by the Appellant. *See* TEX.R.APP.P. 42.1(d).

Also pending before the Court is Appellee Ajan Tiger Properties' motion to dismiss the restricted appeal. Having considered the motion, and given the disposition of the case in light of the parties' settlement agreement, we DENY this motion as moot.


June 30, 2010

                              DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

-2-